IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WMC MORTGAGE CORP., PLAINTIFF,

VS. CIVIL ACTION NO. 4:05CV86-P-B

TONY C. KEYS and STEPHANIE JOHNSON, DEFENDANTS.

**FINAL JUDGMENT**

These matters come before the court upon WMC Mortgage Corp.'s Motion to Compel Arbitration [7-1] and Defendants' Motion to Stay [15-1] consideration of the motion to compel arbitration. Upon due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

Defendants have provided no authority mandating the court to stay consideration of the motion to compel arbitration in order to allow them to obtain discovery thought to reveal whether or not American Arbitration Association arbiters will decide the defendants' underlying state claims fairly and impartially. Having considered the arguments set forth in the defendants' motion to stay, the court concludes that same should be denied.

With regard to WMC Mortgage Corp.'s motion to compel arbitration, it is undisputed that Tony C. Keys and Stephanie Johnson signed the subject arbitration agreement on May 5, 2003 in connection with their loan agreement with WMC Mortgage Corp. The agreement to arbitrate was not hidden deep within a long contract but rather was a separate rider to the loan agreement. The arbitration agreement was little more than one-page long. Near the bottom of the first page, in bold capital letters, is the statement:

> **IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A DISPUTE, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT DISPUTE IN COURT OR TO**

**HAVE A JURY TRIAL ON THAT DISPUTE, OR TO ENGAGE IN PREARBITRATION DISCOVERY EXCEPT AS PROVIDED IN THE ARBITRATION RULES. THE ARBITRATOR'S DECISION WILL GENERALLY BE FINAL AND BINDING. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION. IT IS IMPORTANT THAT YOU READ THIS ENTIRE DOCUMENT CAREFULLY BEFORE SIGNING.**

In the first paragraph on the first page is the statement that "you and we agree that any dispute, regardless of when it arose, shall be settled, at your option or ours, by arbitration in accordance with this Agreement. Furthermore, the last sentence in that same paragraph, in italics, reads "*If you have any questions, you should consult your own lawyer before you sign this Agreement.*" The language of the arbitration agreement as a whole is not unduly esoteric.

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "**shall** be valid, irrevocable and enforceable." 9 U.S.C. § 2 (emphasis added). The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

In any event, a person is bound by the contents of a contract he signs, whether he reads it or not. *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (5th Cir. 2004) (even a illiterate person is charged with reading a contract); *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83-84 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Turner v. Terry*, 799 So.2d 25, 36 ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence."); and *McKenzi Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under

Mississippi law that a contracting party is under a legal obligation to read a contract before signing it.").

It is almost certain that the defendants did not read the arbitration agreement before signing it. Ironically, however, WMC Mortgage Corp. apparently did not read the subject arbitration agreement either. The second sentence in the second paragraph on the first page states: "This Agreement is effective and binding on both you and your heirs, successors and assigns and us when it is signed by **both parties**." (emphasis added). Although Tony C. Keys and Stephanie Johnson signed the agreement, there is a signature line above which is typed "WMC Mortgage Corp.," on which is no signature by an agent of WMC Mortgage Corp.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Stay [15-1] is **DENIED**;

(2) WMC Mortgage Corp.'s Motion to Compel Arbitration [7-1] is **DENIED**; thus,

(3) All of the claims of the plaintiff are hereby **DISMISSED WITH PREJUDICE**; and

(4) This case is **CLOSED**.

**SO ORDERED** this 24th day of February 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE